IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CARBAJAL, <br> As the FLSA Collective Representative <br> Plaintiff, <br> <br> v. <br> <br> FELDCO FACTORY DIRECT, LLC. <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 17 CV 4442 |

## COMPLAINT

### JURISDICTION AND VENUE

1. Plaintiff brings this action for unpaid overtime, monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

2. The Court has jurisdiction of the federal claims under 28 U.S.C. §1331 and §1367.

3. The Court has supplemental jurisdiction over the state law claims.

4. Venue is appropriate under 28 U.S.C. §1391, because Defendant, Feldco Factory Direct, LLC., is a company doing business in the State of Illinois, including this County.

### PARTIES

6. At all times relevant, Plaintiff David Carbajal has been a resident of Illinois.

7. Plaintiff was, at all times relevant, an employee of Defendant.

8. Defendant Feldco Factory Direct, LLC., is an Illinois corporation with its principal offices in Illinois.

8. Defendant managed Plaintiff's work, including the decision to classify Plaintiff and collective as "exempt" and decision to re-classify Plaintiff and Collective as Non-Exempt in the State of Illinois. The Defendant dictated, controlled and ratified the wage and hour policies and all related employee compensation policies of plaintiff.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff has been employed as a Service Technician for Defendant. The Plaintiff's primary duties were servicing of windows.

10. During the statutory period, Plaintiff routinely worked in excess of forty (40) hours per week without overtime compensation. Defendant chose to classify the Plaintiff and FLSA Collective as "Salaried" and/or "Exempt", despite Plaintiff and Collective having no duties which are considered "exempt" work.

11. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* specifically § 207(a)(1). As a result of this unlawful practice, Plaintiff suffered a loss of wages.

12. Defendant failed to pay overtime wages and other benefits to Plaintiff by intentionally, willfully and improperly directing him to not to record overtime and then requiring him to work overtime.

13 Defendant required and permitted Plaintiffs, the Collective, and the FLSA Collective, to work more than 40 hours in a week. Defendant did not pay Plaintiff, the Collective, and the FLSA Collective the Plaintiffs and Collective for all work time and all overtime hours worked. Defendant unlawful conduct has been uniform, widespread, repeated and consistent. Defendant's willful violations are especially

demonstrated by their knowledge that its employees were not paid for all overtime work.

## COUNT I

**FAIR LABOR STANDARDS ACTION, 29 U.S.C. § 201 ET SEQ., UNPAID WAGES/OVERTIME**

14. Plaintiff repeats and re-alleges paragraphs 1 through 13 as though fully set forth herein.

15. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiff regularly worked more than 40 hours per week, but were not paid overtime. Defendant failed to pay overtime wages and other benefits to Plaintiff

16. The foregoing actions of Defendant constitute violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendant's actions were willful and not in good faith.

17. Defendant is liable to Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b). Plaintiff and Collective were misclassified due to the mis-classified employees lacking "Exempt" duties in their work for Defendants and/or the "Exempt" Duties (if any) are overwhelmed by the non-exempt duties.

## COUNT II

## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

18. Plaintiff repeats and realleges Paragraphs 1-13 as though fully set forth herein.

19. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

20. Defendant failed to pay Plaintiff for overtime hours worked.

21. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

22. Defendant is liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, by his attorney, demands judgment against the Defendant and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

- A. Declare and find that the Defendant committed one or more of the following acts:
  - i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;
  - ii Willfully violated overtime provisions of the FLSA;
  - iii. Willfully violated overtime provisions of Illinois Law;
  - iv. Willfully violated wage payment provisions of Illinois Law;
- B. Award compensatory damages, including all overtime pay owed, in an amount according to proof;
- C. Award liquidated damages, interest and 2% IWML penalties on all overtime compensation due accruing from the date such amounts were due;
- D. For such further relief as the Court deems just and equitable.

## COLLECTIVE ACTION ALLEGATIONS

### The FLSA Collective Action

23. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of other misclassified employees of Defendant who were, are, or will be employed by Defendant during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

24. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all misclassified employees employed by Defendant.

25. Defendant is liable for improperly classifying Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

# THIRD CLAIM FOR RELIEF
## On Behalf of Plaintiff and All Opt-In Employees
## Against Defendant
## As a Collective Action
## (FLSA Claims, 29 U.S.C. § 201 et seq.)

26. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

27. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

28. The Collective claims include all employees which Defendant has failed to pay overtime work hours as detailed elsewhere in the complaint.

29. Plaintiff and Collective were misclassified due to the mis-classified employees lacking "Exempt" duties in their work for Defendants and/or the "Exempt" Duties (if any) are overwhelmed by the non-exempt duties.

30. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

31. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

32. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Collective, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

33. At all relevant times, the work performed by retail employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

34. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Collective, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

35. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

36. Plaintiff, on behalf of themselves and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as

provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

37. Plaintiff, on behalf of themselves and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff have consented to be a party to this action, pursuant to 29 U.S.C. § 216(b). (see redacted consents of Plaintiffs attached as Exhibit 1)

39. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

40. At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

41. Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

1. ges at specified hourly rates.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the IWML Collective, IWPCA Collective, and the FLSA Collective, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of these Collective actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendant and failed to pay its employees all overtime hours of work. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

C. Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

D. Compensation originating from GUARDIAN company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Certification of this case as a Collective action;

G. Designation of the Plaintiffs as representatives of the Collective and counsel of record as Collective Counsel;

H. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

I. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

J. Attorneys' fees in accordance with all applicable laws, Illinois Law and FLSA.

K. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

L. Liquidated damages in accordance with the FLSA;

M. Consequential damages;

N Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

O. A 2% penalty as per IWML.

P. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

Q. and costs of this action; and

R. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: June 13, 2017   Respectfully Submitted

/S/ John C. Ireland
Attorney for the Plaintiffs

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Fax 630-206-0889
attorneyireland@gmail.com