**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID CARBAJAL,** | ) | |
| **As the FLSA Collective Representative** | ) | |
| | ) | **Case No. 17-cv-04442** |
| **Plaintiff,** | ) | |
| | ) | **Judge Thomas M. Durkin** |
| **v.** | ) | **Magistrate Judge Maria Valdez** |
| | ) | |
| **FELDCO FACTORY DIRECT, LLC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff David Carbajal ("Carbajal") and Defendant Feldco Factory Direct, LLC ("Feldco"), by their respective attorneys, submit this Joint Motion for Approval of Settlement as follows:[1]

**I.     BACKGROUND**

On June 13, 2017, Carbajal filed suit claiming that Feldco misclassified him as a salaried exempt employee in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, and Illinois Minimum Wage Law ("IMWL") 820 ILCS 105.  Accordingly, Carbajal claims that Feldco owes him and other allegedly similarly situated field technicians overtime pay for workweeks in which they worked more than forty hours.  It bears mentioning that because Feldco paid its field technicians on a salaried basis for all hours worked, to the extent any overtime is owed, which Feldco denies, the correct rate of compensation would be half-time, rather than the customary time and a half rate.  The parties agree on this topic.

---

[1]     This joint motion is also filed by opt-in plaintiffs Garrett Carey, James Dockery, Paul Jados, Michael Katsafaros, William King, and Daniel Metzger.

On October 5, 2017, the parties filed a Joint Motion for Conditional Certification of Collective Action and Court Guidance on Class Notice. On October 13, 2017, this Court approved that motion and subsequently provided a revised collective action notice for the parties to send to putative collective action members. On or about October 25, 2017, the parties sent the court approved notice to seventeen current or former field technicians. Seven current or former field technicians returned consent forms within the court-mandated opt-in period. Daniel Baumann, one of the seven opt-in plaintiffs, is not eligible to participate in the collective action because his claims are time barred. Accordingly, counting the named plaintiff, Carbajal, there are seven plaintiffs in this case.

## II. THE PARTIES HAVE ENTERED INTO CONFIDENTIAL SETTLEMENT AGREEMENTS

Feldco denies any and all liability and further denies that plaintiffs are entitled to any compensation whatsoever. However, to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement. The parties are represented by employment counsel with experience in litigation involving claims for unpaid wages. The terms, contents, conditions, and effects of the confidential settlement agreements have been fully explained by the attorneys to their respective clients, and they have accepted the terms and conditions of the confidential settlement agreements and settlement amounts in lieu of the uncertainty of litigation.

## III. LEGAL STANDARD

To ensure that an employer is relieved of liability, a settlement of a claim brought under the FLSA must either be supervised by the Secretary of Labor or approved by a court. *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697 (1945); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350, 1352-1353 (11th Cir. 1982). Before approving a settlement, courts should determine that the compromise is a fair and reasonable resolution of the FLSA claim. *Lynn's*

*Foods*, 679 F.2d at 1354.  If the settlement terms are fair and reasonable, courts should approve the settlement to promote the policy of encouraging settlement of litigation.  *Id.*

Similarly, private settlements of claims under the IMWL also must be approved by either a court or the Illinois Department of Labor to be enforceable.  *See, e.g., Lewis v. Giordano's Enterprises, Inc.*, 397 Ill.App. 3d 581, 595 (1st Dist. 2009) (holding that private settlement of wage claims under the IMWL and the Illinois Wage Payment and Collection Act would frustrate the purposes of the statutes); *O'Brien v. Encotech Const. Servs.*, 183 F.Supp.2d 1047 (N.D. Ill. 2002)).

## IV.  PARTIES EFFORTS TO DETERMINE A FAIR COMPROMISE REGARDING ALLEGED WORK HOURS

After the court's approval of the Joint Motion for Conditional Approval of Collective Action, and the close of the opt-in period, Feldco sent plaintiffs data pertaining to work orders during the applicable statute of limitations.  The parties analyzed the amount of the wages that were allegedly owed and each party made compromises in order to resolve this matter.  Thus, the settlement agreements reflect arm's-length negotiations conducted in good faith.

Should plaintiffs' claims have proceeded, the parties would have undertaken and completed formal discovery, potentially briefed dispositive motions, and set the matter for trial. If plaintiffs prevailed on their claims, Feldco would be faced with the prospect of a verdict against it and the obligation to pay a greater amount to plaintiffs and their attorney.  If Feldco prevailed, plaintiffs would face dismissal of their claims and no recovery.

Finally, plaintiffs' attorney's fees and costs are reasonable because of the issues presented in the case, and the amount of time and resources dedicated to analysis of plaintiffs' claims, as well as the negotiation of settlement.

## V. CONCLUSION

The parties have agreed to a settlement as reflected in the confidential settlement agreements that will be provided to the Court. The parties request that the Court review the confidential settlement agreements *in camera*. If the settlement is approved, the parties respectfully request that this case be dismissed without prejudice, with the dismissal converting to a dismissal with prejudice within 30 days of the Court's Order.

Dated: June 25, 2018

Respectfully submitted,

s/John C. Ireland                                            s/Brian S. Schwartz

John C. Ireland (ARDC No. 6283137)         Brian S. Schwartz (ARDC No. 6273020)
Law Office of John C. Ireland                       Michael A. Paull (ARDC No. 6194021)
636 Spruce Street                                          Klein Paull Holleb & Jacobs, Ltd.
South Elgin, IL 60177                                    660 LaSalle Place, Suite 100
Telephone: 630-464-9675                             Highland Park, IL 60035
                                                                      Telephone:  847-681-9100
                                                                      brian.schwartz@labor-law.com
                                                                      map@labor-law.com